UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REBEKAH D. ORT,<br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY, Commissioner<br>of the Social Security Administration,<br>  Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 1:21-CV-80-JVB<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [DE 35] filed on August 17, 2024. Plaintiff's counsel requests an award of $22,193.29 in attorney fees after Plaintiff partially prevailed on remand and received benefits. The Commissioner filed a response indicating that he does not object to the requested award.

The Social Security Act allows for a reasonable fee to be awarded for representation at the administrative level, *see* 42 U.S.C. § 406(a), and representation before a court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under section 406(b)(1), a court may award up to 25% of past due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. *See* 42 U.S.C. § 406(b)(1). This twenty-five percent cap applies only to fees for court representation and not to the aggregate fees awarded under Sections 406(a) and 406(b). *Culbertson*, 586 U.S. at 62. However, an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

The Court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b), as the Court remanded this case for further proceedings on May 16, 2022. Plaintiff prevailed on remand,

and the SSA sent a Notice of Award on August 6, 2024, indicating that it was awarding benefits beginning August 2016. However, due to a prior decision, benefits had already been paid for July 2018 through February 2020, apparently through a lump sum past due award paid in November 2020, from which $6,000 had been withheld for attorney fees. Additionally, benefits had already been paid for March 2020 through June 2024, though these payments were all approximately $40-$45 too low according to the Notice of Award.

The Court provides the following table (based on data provided in the Notice of Award) to provide some clarity as to benefits actually paid and benefits that should have been paid.

| Date Range | # Months | Received/Month | Entitled/Month | Total Received | Total Entitled | Amount Underpaid |
|---|---|---|---|---|---|---|
| 8/2016-11/2016 | 4 | $0 | $1,300 | $0 | $5,200 | $5,200 |
| 12/2016-11/2017 | 12 | 0 | 1,304 | 0 | 15,648 | $15,648 |
| 12/2017-11/2018 | 12 | 0 | 1,330 | 0 | 15,960 | 15,960 |
| 12/2018-11/2019 | 12 | 0 | 1,367 | 0 | 16,404 | 16,404 |
| 12/2019-2/2020 | 3 | 0 | 1,389 | 0 | 4,167 | 4,167 |
| 3/2020-5/2020 | 3 | 1,350 | 1,389 | 4,050 | 4,167 | 117 |
| 6/2020 | 1 | 1,349.60 | 1,389 | 1,349.60 | 1,389 | 39.40 |
| 7/2020-11/2020 | 5 | 1,350 | 1,350 | 6,750 | 6,750 | 0 |
| 11/2020 Lump Sum | | | | 20,446 +6,000 withheld | | (26,446) |
| 12/2020-11/2021 | 12 | 1,367 | 1,407 | 16,404 | 16,884 | 480 |
| 12/2021-11/2022 | 12 | 1,448 | 1,490 | 17,376 | 17,880 | 504 |
| 12/2022-11/2023 | 12 | 1,574 | 1,619 | 18,888 | 19,428 | 540 |
| 12/2023-6/2024 | 7 | 1,624 | 1,671 | 11,368 | 11,697 | 329 |
| | | | TOTALS | 102,631.60 | 135,574 | 32,942.40 |

Prior to the Notice of Award at issue, Plaintiff received benefits, including money withheld for attorney fees, in the amount of $102,631.60. The Notice of Award indicates that Plaintiff should have instead received $135,769, calculating Plaintiff's past due check to be $24,991.65 with an

additional $8,145.75 withheld for attorney fees. This number is slightly off from the Court's calculation of total entitled benefits of $135,574 with past due benefits totaling $32,942.40, which would yield a past-due benefits check of $24,706.80 with $8,235.60 withheld for attorney fees.[1]

On the information submitted, the Court is unable to conclude that the requested $22,193.29 is 25% or less of the past due benefits awarded. Counsel provides calculations suggesting that Plaintiff's past due benefits are $88,773.20 It appears that counsel is calculating the entire benefit for March 2020 through June 2023 as part of Plaintiff's past due benefits even though, by the Court's reckoning, only about $2000 was underpaid to Plaintiff during this time. The Court will deny the motion but do so without prejudice so that counsel has an opportunity to better support his position on the amount of Plaintiff's past due benefits.

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [DE 35].

SO ORDERED on September 4, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Counsel notes that he has already received $9,959.50 under the Equal Access to Justice Act, so if the Court's calculation (or the Agency's calculation in the Notice of Award) is correct, then the § 406(b) award, as the smaller award, would be refunded to Plaintiff, so the small difference between the Court's and the Notice of Award's calculation may not need to be fully resolved.